### SYMMES v. CAUBLE.

JUDGMENT—JOINT DEBTORS—DISCHARGE—CODE, 2841.—Where one signs a note with a principal as surety, and thereafter, for valuable consideration, he and a third guarantee the payment, and judgment is obtained against all three, as to the judgment creditor, all the parties are joint debtors, and he could make a separate composition with the surety and guarantor, under sec. 2841 of Code of 1902, discharging him without discharging other guarantor; and the fact that sec. 2841 was enacted December, 1883, and note executed in December, 1883, and guarantee indorsed March, 1884, does not prevent the composition being made.

Before GAGE, J., Greenville, December, 1904. Affirmed.

Action by Whitner Symmes against J. O. Cauble and T. E. Harris. From Circuit decree, defendant, Cauble, appeals.

*Messrs. Haynesworth & Patterson,* for appellant, cite: *Distinction between guarantor and surety:* 14 Ency., 1130; Brandt on Sur., secs. 1, 260; 16 P. & P., 941; 10 Pick., 121; 83 Am. St. R., 305. *Relation unchanged after judgment:* 1 Black on Jud., sec. 8, *et seq.;* Brandt on Sur., 27; Code of 1902, 2839, 2840; Free on Jud., sec. 226; 2 Rand. Comp. Pa., sec. 925; 1 Hill Ch., 351. *Release of Gilreath discharged Cauble:* 14 Ency., 1162; 27 Ency., 462.

*Mr. M. F. Ansel,* contra, cites: *Cause of action merges into judgment:* Code of Proc., 141; Free on Jud., 3 ed., 216, 315, 217; 15 Ency., 1 ed., 336; 15 Ency., 1 ed., 338; 2 Rand. Com. Pa., sec. 925.

September 2, 1905. The opinion of the Court was delivered by

MR. CHIEF JUSTICE POPE. On the 21st day of December, 1883, the following note was made to the plaintiff, to wit:

"$2,195.00. One day after date, I promise to pay to Whitner Symmes twenty-one hundred and ninety-five dollars, value rec., interest after date at the rate of ten per cent. per annum.

"Witness my hand and seal this the twenty-first day of Dec. A. D. (1883) eighteen hundred and eighty-three.

"T. E. Harris (L. S.)
"Belton Gilreath, surety."

The following indorsement was on the back of the note: "For value rec'd we guarantee the payment of the within note. March 12th, 1884.

"Belton Gilreath (Seal).
"J. O. Cauble (Seal)."

No payments having been made, the plaintiff brought his action against the defendants, T. E. Harris, Belton Gilreath and J. O. Cauble, on the 27th day of July, 1886, in the Court of Common Pleas for the county of Greenville, in the State aforesaid, and obtained his judgment against all three of said parties for the sum of $2,774.62, together with $30.05 for his costs.

On the 2d of May, 1887, Cauble paid the sum of $235 in part payment thereof, and on the first day of June, 1900, the defendant, Belton Gilreath, paid the sum of $1,300, leaving a large part thereof unpaid. The defendant, T. E. Harris, is insolvent and his whereabouts are unknown.

The payment by the defendant, Belton Gilreath, of the said $1,300 was made by him under section 2841 of the Civil Code, was in full payment of his liability as a joint debtor, and with no impairment of the liability to the plaintiff for the balance remaining due of the judgment that covered the other parties, after deducting the said sums of $235 paid

on the 2d of May, 1887, and $1,300 paid on the 1st of June, 1900.

The plaintiff, after obtaining leave of the Court, commenced his action in July, 1904, against the defendants, J. O. Cauble and T. E. Harris, to recover judgment against them for the sum of $4,082.73, as the balance due on said original judgment, with interest on the same from the 1st June, 1900.

The defendant, J. O. Cauble, answered, wherein he alleged that the payment by Belton Gilreath, under section 2841 of the Code, operated to discharge the said J. O. Cauble from any and all liability, as he was but a guarantor, while Belton Gilreath was a surety and a guarantor.

The cause came on to be herd by Judge Geo. W. Gage, who on December 24th, 1904, passed the following decree:

"Judgment against the three contractors was had 22d July, 1886. About 1890, Gilreath paid plaintiff a sum of money in consideration whereof the plaintiff released Gilreath from further liability on the claim.

"The plaintiff holds that the receipt of the money and the release was justified, under the law. Code of Laws, secs. 2841, 2842, 2843.

"The defendant holds the release of Gilreath discharged the defendant. So that is the issue.

"There is, however, a primary issue of law first to be determined, and that is, was the relationship of the contracting parties changed by judgment? A judgment is the final determination of the rights of the parties to an action. In this case, the Court, in 1886, finally determined that Cauble, Gilreath and Harris were debtors of Symmes. Incident to that, the statutes makes a debt a lien, and prescribes for it a length of life. But the thing determined was, that the paper sued on was what it appeared to be. If that paper fixed, by their own contract, the relationship of the parties to each other, a court could not change the relationship. If the parties agreed that Harris should be principal debtor, that Gilreath should be surety for him, and that Cauble and Gilreath should be guarantors for Harris and Gilreath, a court

could not rightly change that contract; and the record does not show that the Court literally attempted it. Some writers and some Judges do speak about the debt being "merged into a judgment." It has always seemed to me an indefinite expression. On the other hand, a truer conception is that the judgment is but a photograph of a transaction which fixes its character beyond cavil.

"I am, therefore, of the opinion, that whatever was the legal relationship to each other of the parties to the paper, that relationship was not altered, but fixed, by the judgment. I. Black Judge., sec. 8, *et seq.*

"This leads to the further inquiry, what legal relationship, betwixt the three obligors, does an inspection of the paper disclose? There is no dispute but that Harris is principal, and that alone; Gilreath is both surety, or security as he puts it, and guarantor; Cauble is guarantor, and that alone. It may be that the composition by Symmes with Gilreath as surety discharged Cauble from liability to Symmes; but it does not follow that the composition with Gilreath as guarantor so discharged Cauble. On the back of the paper Gilreath and Cauble guaranteed payment of the note signed by Harris; that is a secondary contract, and independent of the primary contract written in the face of the note. On this secondary contract Gilreath and Cauble are joint makers, joint because they are united; and they are joint debtors. If that be so, then the statute provides that 'any joint debtor may make a separate composition with his creditor * * * such composition shall discharge the debtor making it and him only * * * (such composition) shall not impair the creditor's right of action against any other joint debtor,' etc. Act 1883, Code of Laws, sec. 2841. That statute was the authority for Symmes to settle with Gilreath, and still hold Cauble legally bound as the other joint debtor. The term 'joint debtor' used in the statute is broader and more comprehensive than that of surety or guarantor. The statute was enacted to prevent an injustice which had followed a technical and strict construction of the mutual rights of the

makers of one obligation. The composition by Symmes with Gilreath was not operative to discharge Cauble, 'unless an intent to release or exonerate him appears affirmatively,' etc. It does not so appear. This is the justice of the case, and I am satisfied ought to be the law of it.

"It is, therefore, ordered, that the plaintiff have judgment against the defendant, J. O. Cauble, for $4,082.73, the sum claimed in the complaint."

From this decree the defendant, J. O. Cauble, has appealed on the following seven grounds:

"I. It is submitted that his Honor should have held that Gilreath, in his capacity as a surety upon the note which was the foundation of the judgment, was a primary obligor, and was primarily liable as between himself and Cauble, who was only a guarantor, and that he erred in not so holding.

"II. He should have held that the release of a surety upon an obligation will discharge one who guarantees the payment of such obligation, and he erred in not so holding.

"III. He erred in holding that the Statute (Code of Laws, 2841), authorized Symmes (the creditor) to settle with Gilreath and still hold Cauble liable.

"IV. He erred in holding that the composition with Gilreath was not operative to discharge Cauble.

"V. He erred in not holding that when Symmes, the creditor, undertook to settle with Gilreath, who was liable as a surety, this operated to discharge Cauble from liability upon the indebtedness.

"VI. It is submitted that the Statute (Code of Laws, 2841), has no application to this note, which was executed prior to the date when said statute went into effect.

"VII. He erred in charging Cauble with the entire judgment less the amount actually paid, where at most he should have held Cauble liable for only one-half of said judgment less the payment made by Cauble on June 1st, 1890, of $235."

We will notice these grounds of appeal.

I. It seems to us that when the plaintiff obtained his judgment against all the parties to the original note, that so far as

the plaintiff was concerned his judgment wiped out any distinction between the parties, so far as he, the plaintiff, was concerned, and the defendants became, as to him, joint judgment debtors.   As between the surety and the guarantors, they preserved amongst themselves certain rights which were enforceable both in law and in equity; so, therefore, we do not see that the Circuit Judge erred, as herein complained of. This exception is overruled.

II.  The rights of the appellant depend upon the solution of the question whether Gilreath and Cauble became joint debtors.   If they were joint debtors, so far as the plaintiff is concerned, it was in his power to make a separate composition with Gilreath without endangering the plaintiff's ability to still hold Cauble liable to pay the balance due.   It must be remembered that this is a judgment held by the plaintiff against Harris, Gilreath and Cauble; so, therefore, the question of the release of a surety as between such a party and a guarantor need not be considered.   This exception is, therefore, overruled.

III.  We do not think the Circuit Judge erred in holding that the section 2841 of the Code of Laws authorized Symmes to settle with Gilreath and still hold Cauble liable. This provision of our laws was passed in December, 1883; whereas, the guarantors became such on the 12th of March, 1884, and was designed to afford the very relief extended to Gilreath without impairing Symmes' rights as to the balance of his debt, so far as Cauble is concerned.   The text of this section is as follows : "Section 2841.  Any joint debtor may make a separate composition with his creditor as prescribed in this section.   Such a composition shall discharge the debtor making it, and him only.   The creditor must execute to the compounding debtor a release of the indebtedness or other instrument exonerating him therefrom. * * *"   It seems to us that this section covers the issue here.   This exception must be overruled.

IV.  We do not think that the composition with Gilreath operated to discharge Cauble.   We do not pass upon the

rights of Cauble and Gilreath as between themselves and not in this suit and not in connection with the rights of the plaintiff. We, therefore, overrule this exception.

V., VI. We do not think that the Judge erred, as pointed out in these two exceptions, for we have just held that in this action the suretyship of Gilreath, so far as the rights of Symmes are concerned, has no effect. These two exceptions are overruled.

VII. We do not think that the Circuit Judge erred, as here complained of. What Cauble's rights may be as to Gilreath, we do not here venture to express an opinion. We only intend to adjudicate the rights of Symmes. Therefore, we overrule this exception.

It is the judgment of this Court, that the judgment of the Circuit Court be, and it is hereby, affirmed.