## 9683

### MEYER v. BOUCHIER *ET AL.*

#### (92 S. E. 471.)

RELEASE—RELEASE TO JOINT DEBTOR—EFFECT—AMOUNT COMPOUNDED.—
Civ. Code 1912, sec. 3944, provides that any joint debtor may make
a separate composition with his creditor, which shall discharge him
only, and section 3946 preserves all the rights of a noncompounding
joint debtor against the creditor, and also against the compounding

debtor, specifically saving his right to pursue the latter for contribution, and gives the noncompounding debtor the right to set up by way of discount against the creditor "the amount compounded by his joint debtor." *Held*, where, after suit against joint debtors for foreclosure of a mortgage given to secure their joint and several bond for $18,500, one of such debtors compounded with plaintiff by paying him $3,100, for which plaintiff gave him a release from all further liability in accordance with the statute as each joint debtor is liable for the whole debt, the other joint debtor was liable for such amount, less $3,100, since the words "amount compounded" in section 3946 were used in the sense of "amount paid."

Before MAULDIN, J., Columbia, March, 1916.    Affirmed.

Suit by J. B. Meyer against Henry T. Bouchier and another.    From judgment for plaintiff, the named defendant appeals.

*Messrs. Melton & Belser,* for appellant, cite : *As to release of joint debtor:* 2 Elliott Contracts, sec. 1482, p. 753; 115 U. S. 300; 28 Fed. Cas. No. 16487; 34 Cyc. 1081-1083; Civil Code, secs. 3944-3946; 72 S. C. 330.    *Compounded:* 35 L. R. A. 141; 2 Johns 405; 2 Q. B. 114.    *Contribution:* 9 Cyc. 800, 801; 7 A. & E. Enc. of L. 341; 4 Pom. Eq. Juris. 1418; 1 White & Tudor L. C. Eq. 156; 1 DeS. 149.

*Mr. D. W. Robinson,* for respondent, cites : *As to common law rule.    The reason of this rule was because the release of one destroyed the right of the other to require contribution from him:* 56 N. E. 1100; 185 Ill. 227; 2 Dan. Neg. Instr. (5th ed.), sec. 1294; 1 Pars. N. & Bills, c. 7, p. 250; 2 Pars. N. & Bills, c. 8, p. 238.    *So an absolute release of one of several co-obligors will not release the others where the instrument provides that those not released may claim contribution from those who are released:* 44 Ill. 411.    *The modern tendency of all the Courts is to construe a paper according to the intent which is manifested from its language.    Where it is apparent that a release of one only is intended, or where the contract expressly reserves the*

*rights against the others, the Court will so construe the paper:* 61 L. R. A. 807; 93 Am. St. Rep. 623; 173 N. Y. 455; 31 L. R. A. (N. S.) (N. J.); 39 L. R. A. (N. S.) 511-12 (Wisc.); 19 L. R. A. (N. S.) 622; 79 N. W. 81; 108 Iowa 313; 63 C. C. A. 364; 129 Fed. 203; 3 W. Va. 393; 100 Am. Dec. 756; 58 Ala. 600; 2 Randolph Com. Pap., sec. 1849; 2 Dan'l on Neg. Instr., sec. 1295; 1 Pars. on N. & Bills, c. 7, 249; 2 Pars. on N. & Bills, c. 8, 238; 58 L. R. A. 298; 92 Am. St. Rep. 882; 163 S. W. 610. *Effect of statute:* Civil Code, secs. 3944, 5 and 6.   *Our statute is copied from the N. Y. Code.    See vol. I, Consolidated Laws of 1909, page 490, art. VIII, secs. 230-3.    And without making an exhaustive search, we have found similar statutes in a number of States, as, for instance, Virginia, since 1866:* Code of 1873, c. 14, sec. 13; Code of 1887, c. 34, secs. 2856-9; Vermont R. L., secs. 933-5; Mo. Rev. Stats., 1899, sec. 897; Tenn. Shannon's Code, secs. 4884, 5570, 5571; Cal. Civil Code, sec. 1543; Kan. Gen'l Statutes, 1897, c. 114, sec. 5.    *The validity and effect of these statutes have been recognized in:* 73 S. W. 129; 173 Mo. 1; 82 Pac. 1077; 1 Cal. App. 659; 52 Pac. 885-6; 59 Kan. 775; 120 Fed. 1015 (as to N. Y. Code); 59 S. W. 373 (Tenn.); 58 Pac. 155-6; 125 Cal. 508; 75 N. Y. St. Rep. 454; 9 App. Div. 625; 135 C. C. A. 204; 219 Fed. 489. *The release of one joint maker of an obligation does not release the others, except to the extent of the payment by the party releas*ed: 50 Pac. 1098; 6 Kan. App. 374; 85 Pac. 588; 73 Kan. 607.    *Objects of all rules of interpretation is to arrive at the intention of the parties as expressed in the contract:* 125 A. S. R. 560; 61 S. E. 185; 147 N. C. 368; Paige on Contracts, secs. 1112, 1105, 1106; Beach on Modern Law Contracts, sec. 702.

May 17, 1917.

The opinion of the Court was delivered by MR. JUSTICE HYDRICK.

Plaintiff brought suit against H. T. Bouchier and W. E. McNulty for foreclosure of a mortgage given by them to secure their joint and several bond for $18,500. After suit brought, McNulty compounded with plaintiff by paying him $3,100, for which plaintiff gave him a release from all further liability in accordance with the statute. Civ. Code 1912, sec. 3944. Bouchier then set up the release of McNulty as having the legal effect of discharging him (Bouchier) from all liability to plaintiff; and, if not from all liability, at least from liability for one-half the debt—McNulty's share thereof. The Court overruled his contention, and held that he was entitled to credit only for the amount paid by McNulty, and gave judgment for plaintiff for the full amount of the debt, and directed that the release be filed with the judgment, and the amount paid by McNulty be credited thereon. Appellant concedes that the ruling is in accord with the construction of the statute in *Symmes* v. *Cauble, 72* S. C. 330, 51 S. E. 862, but asked and obtained permission to review that case. After careful consideration of the statute, in the light of appellant's argument, we have not been convinced that the decision in *Symmes* v. *Cauble* was wrong.

The statute provides that any joint debtor may make a separate composition with his creditor—the manner being therein prescribed—which shall discharge the debtor making it, and him only; and that the release shall not impair the creditor's right of action against any other joint debtor, unless that intention shall appear on the face of the release. Section 3946 preserves all the rights of a noncompounding joint debtor against the creditor, and also against the compounding debtor, and specifically saves his right to pursue the latter for contribution. It also gives the noncompounding debtor the right to set up by way of discount against the creditor "the amount compounded by his joint debtor."

What is meant by "the amount compounded?" Appellant contends that it means at least the compounding debtor's

17—107.

share of the debt. This argument overlooks the legal rela-
tion and liability of joint debtors to their creditor. Each
is liable for the whole debt, and not for his part only. In
that view the amount compounded could as well mean the
whole debt as the compounding debtor's share of it. Evi-
dently it does not mean the whole debt. That construction
would make the statute of no effect at all. The provisions
saving all the rights of the noncompounding debtor, just as
if no composition had been made, both as against the cred-
itor and the compounding debtor, and specifically saving the
right of the former to pursue the latter for contribution and
giving him the right to set off against the creditor "the
amount compounded by his joint debtor," are inconsistent
with the notion that the words "amount compounded" mean
the compounding debtor's full share of the debt. So, also,
is the provision in section 3944 that the release of the com-
pounding debtor shall not impair the creditor's right of
action against any other joint debtor. If the release of
McNulty, on payment of $3,100, is to have the effect of
satisfying half the debt of $18,500, clearly plaintiff's right
of action against Bouchier has been seriously impaired.
The words "amount compounded" were used in the sense of
"amount paid." That construction harmonizes all the pro-
visions of the statute with its purpose, and results in no
injury to the noncompounding debtor, who, therefore, has no
right to complain of the release of his joint debtor.

Judgment affirmed.